ECKLESDAFER *v.* OBETS.

1. SALES — BREACH OF WARRANTY — WITNESSES—CROSS-EXAMINA-
TION—DISCRETION OF COURT.
    In an action for the breach of a warranty in the sale
    of seed corn, cross-examination as to witness' knowledge
    about the Michigan war preparedness board having sent
    outside of the State for seed corn was within the dis-
    cretion of the trial court.

2. SAME—EVIDENCE—ADMISSIBILITY.
    Exclusion of testimony by a witness that he bought field
    corn from defendant and was given something else was
    not reversible error, where there was nothing to show
    that, in connection with said sale, defendant made any
    representations with reference to the corn sold plaintiffs.

3. SAME—EVIDENCE—WEATHER CONDITIONS—DEFENSES.
    There was no error in allowing a witness to testify that
    the season in question was unfavorable for corn, where
    it tended to support defendant's contention that the failure
    of plaintiffs' corn crop was due to the weather rather
    than the seed which defendant sold them.

4. SAME—EVIDENCE AS TO WEATHER CONDITIONS TEN MILES AWAY.
    Testimony by a witness in charge of the weather bureau
    as to the rainfall and weather conditions ten miles from
    where the corn was planted was admissible, since it was
    some evidence as to the weather conditions in the locality
    where the corn was planted.

Error to Kent; Perkins (Willis B.), J. Submitted
June 8, 1922. (Docket No. 44.) Decided July 20,
1922.

Case by Frederick Ecklesdafer and another against
Wallace Obets for breach of an alleged warranty in
the sale of certain seed corn. Judgment for defend-
ant. Plaintiffs brings error. Affirmed.

*Richard L. Newnham,* for appellants.

*Jewell & Raymond,* for appellee.

BIRD, J. Plaintiffs, in the spring of 1918, claim to have purchased from defendant a bushel and a half of seed corn at $6 a bushel, upon a guaranty that it was 90 per cent. test and would grow ears, and that it was grown in plaintiffs' neighborhood. Plaintiffs planted 10 acres of ground from this seed on a farm 10 miles from Grand Rapids. Lacking a small amount of seed to complete the planting, they purchased a small amount of field corn of another party. They cultivated and took care of it. When it grew it developed that it was ensilage corn. It all grew to stalks and produced no ears of corn. The portion of the field planted from the other corn developed in the regular way and grew ears of corn. By reason of the failure of the seed to produce field corn instead of ensilage corn the plaintiffs were greatly damaged because they had no silo in which to deposit the corn stalks.

Defendant denied that the seed corn was ensilage corn. He admitted that he sold the corn as yellow dent seed corn on a guaranty that 90 per cent. of it would germinate but denied that he represented it was grown in that vicinity. Defendant insisted that the reason why the corn produced no ears was due to unfavorable weather conditions. These respective contentions were submitted to the jury and they found a verdict for defendant. Most of the errors assigned have reference to the admission and rejection of testimony.

1. Edgar Ecklesdafer was asked upon cross-examination:

"Did you ever hear or know anything until this year about Michigan war preparedness board having sent outside of the State for corn for Michigan on

account of the general shortage of seed corn in Michigan?"

We do not see the materiality of the question, but in any event it was of slight importance and was clearly within the discretion of the trial court.

2. A farmer in that vicinity testified that he purchased what was supposed to be field corn from defendant:

"*Q.* Well, when you went then did you have any talk with him about field corn?

"*Mr. Raymond:* Just a minute. I object to it as incompetent, immaterial and irrelevant.

"*The Court:* I do not see how it is material or relevant. That case will have to be tried separate and apart from this, and whatever conversation he might have had, unless it is connected with the particular corn that was sold in this instance, it won't have any materiality or bearing on this case. Each case has got to stand on its own bottom.

"*Mr. Rodgers:* Except this, if the court please, it already appears in evidence that right across the fence from the field where the field of corn grown by the witness, Wheeler, was located, this man was growing some corn. Now, we expect to show that he was growing it from corn seed that he had got from Obets, and to show what kind of corn it was, but, of course, unless we can prove that he did not buy or ask for ensilage corn seed why the force is all gone out of that.

"*The Court:* Well, it is collateral matter, and while he may have called for field corn and he may have been given something else, yet that does not prove that the plaintiff called for field corn and was given something else."

It is insisted by counsel that the witness should have been permitted to answer this question. We are unable to see what materiality the testimony would have unless it developed that defendant made some representations with reference to this particular lot of corn which was sold to the plaintiffs. The testi-

mony did not get that far. While we think it would have been better for the trial court to have permitted the testimony to proceed to the point where it could have been determined what the witness would swear to, we are unable to say that his failure to do so is reversible error.

3. The witness Pickett, who was a farmer in Kent county, and an expert in seed corn and the raising of corn, was permitted to testify that the year 1918 was an unfavorable corn year in Kent county, and in answer to the question what effect the unfavorable weather had upon the corn crop of Kent, he answered "blasted the set and tassel." We think there was no error in the admission of this testimony because it tended to support defendant's contention that the condition of plaintiffs' crop was due to unfavorable weather conditions rather than to the seed which he sold them.

4. Mr. Schneider, who was in charge of the weather bureau of the United States in Grand Rapids, was permitted to testify to the rainfall and weather conditions in Grand Rapids in the summer of 1918. This is assigned as error because Belmont, where the field of corn was located, was 10 miles away from Grand Rapids. The testimony was competent. *Hart* v. *Walker*, 100 Mich. 406. The weather conditions in Grand Rapids would be some evidence of what they were 10 miles away.

The remaining assignments have been examined, but we think they are without merit. The judgment of the trial court is affirmed.

Fellows, C. J., and Wiest, McDonald, Clark, Sharpe, Moore, and Steere, JJ., concurred.